No. 99-198

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 267N

JOSEPH C. MORRISON, JR.,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Rosebud,

Honorable Gary L. Day, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Joseph C. Morrison, Jr., Pro Se, Deer Lodge, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Pamela P.

Collins, Assistant Attorney General; Helena, Montana

Lee R. Kerr, County Attorney, Forsyth, Montana

Submitted on Briefs: October 22, 1999

Decided: November 2, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶ Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶ The Sixteenth Judicial District Court, Rosebud County, dismissed a petition for postconviction relief filed by Joseph C. Morrison, Jr., on procedural grounds. Morrison appeals. We affirm.**

**¶ The issue is whether the postconviction petition was properly denied.**

¶ Morrison pled guilty in January 1996 to misdemeanor assault and felony criminal endangerment. In October 1998, Morrison filed his pro se petition for postconviction relief. His petition asserted that he received ineffective assistance of counsel in his criminal defense and that the prosecution engaged in misconduct by failing to disclose evidence favorable to him. The District Court, after reading and reviewing the petition, determined that it addressed issues that were clear on the record and could have been addressed by direct appeal. The court dismissed the petition for postconviction relief based upon the procedural bar of § 46-21-105, MCA.

¶ Section 46-21-105, MCA, provides, in pertinent part:

> (2) When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter.

Morrison's petition for postconviction relief alleged that his attorney rendered him ineffective assistance by insisting that he enter a guilty plea rather than go to trial, failing to follow up on his requests to obtain statements from potential character witnesses, failing to obtain unspecified information from the prosecution that would disclose evidence favorable to him, and failing to supply him with copies of motions and other court documents. The petition further avers that Morrison was informed by another inmate, prior to entering his guilty plea, that the victim of his crime may have had previous injuries which would explain his condition after Morrison's attack on him. This is the basis for Morrison's claims of prosecutorial failure to disclose evidence favorable to the defendant and prosecutorial misconduct.

¶ All of Morrison's claims relate to matters known to him before expiration of the time allowed for filing an appeal from his criminal conviction, sixty days after judgment was entered against him. *See* Rule 5(b), M.R.App.P. Morrison admits that he knew he had the right to appeal the judgment. He has also admitted, in his memorandum to the District Court in support of his petition for postconviction relief, that his retained counsel told him just prior to sentencing that in his professional judgment, an appeal would be a waste of time. Although Morrison now attempts to argue on appeal that his counsel told him he would file an appeal, he did not make that argument to the District Court. A petitioner may not alter or expand his argument on appeal; Morrison has therefore waived the argument that his

**counsel told him he would file an appeal.** *See State v. Woods* (1997), 283 Mont. 359, 372, 942 P.2d 88, 96-97.

**¶ Morrison did not take steps to have another attorney appointed to represent him on appeal or to file a notice of appeal pro se. As such, we conclude that Morrison waived his right to appeal, and all claims he reasonably could have raised on appeal are procedurally barred in postconviction proceedings.**

**¶ We affirm the judgment of the District Court.**

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER